THE BOARD OF STEWARDS OF THE WILMINGTON CONFERENCE OF THE METHODIST EPISCOPAL CHURCH, a corporation of the State of Delaware, *vs.* ROBERT H. WILLIAMS, Executor of the last will and testament of ELIZA P. CLARK, deceased.

1.   WILLS—BEQUEST—MISNOMER OF BENEFICIARY.

Where testatrix's will bequeathed six thousand dollars to the "Conference Claimant's Fund of the Wilmington Conference of the Methodist Episcopal Church," there being no such legal person, but there being a fund in existence, commonly so designated, administered by the Board of Stewards of the Methodist Episcopal Church, a corporation, to which plaintiff had contributed largely before her death, the bequest to the fund was good.

2.   CHARITIES—BEQUEST OF PERSONALTY—VALIDITY—STATUTE.

Under 26 *Del. Laws*, c. 89, § 11, providing that all gifts to a church corporation of realty or money to be laid out in real estate shall be by deed,

duly executed, delivered, acknowledged, and recorded at least one year before the death of the donor, to take effect presently for the use of the corporation, and without any power of revocation, etc., a bequest of six thousand dollars to a board of stewards of the Wilmington Conference of the Methodist Episcopal Church for the "Conference Claimant's Fund" of the conference, there being no direction in the will that the bequest be laid out in realty, was good.

(<em>October</em> 30, 1914.)

PENNEWILL, C. J., and CONRAD and HEISEL, J. J., sitting.
*Caleb E. Burchenal* for plaintiff.
*W. Watson Harrington* for defendant.
Superior Court, Kent County, October Term, 1914.

ACTION OF ASSUMPSIT, No. 61, October Term, 1914.

Action brought by the Board of Stewards of the Wilmington Conference of the Methodist Episcopal Church, a corporation, against Robert H. Williams, executor of Eliza P. Clark, deceased, to recover two certain legacies of five thousand dollars, and one thousand dollars each, respectively, bequeathed by the deceased, in her last will, to the "Conference Claimant's Fund of the Wilmington Conference of the Methodist Episcopal Church." Judgment for plaintiff.

Heard on a case stated, the material facts agreed upon being substantially these: Eliza P. Clark, late of the Town of Milford, died on the twelfth day of December, A. D. 1913, leaving unrevoked her last will and testament with a codicil thereto annexed, each made some years theretofore, which were, after the death of the testatrix, duly admitted to probate by the then register of wills for Kent County, and letters testamentary were granted to the said Robert H. Williams, the executor nominated therein, who thereupon entered upon his duties as such executor. That the testatrix, in and by her will made a bequest, as follows:

"Forty-second,—I give and bequeath the sum of five thousand dollars ($5,000) to the Conference Claimant's Fund of the Wilmington Conference of the Methodist Episcopal Church."

And also therein made a further bequest, as follows:

"Forty-third,—It is my will, and I do direct that if after the payment of all legacies, expenses and costs incident to the settlement of my estate,

there should remain a residuary estate of twenty thousand dollars ($20,000.00) or more, then and in that event. * * * And I give and bequeath the sum of one thousand dollars ($1,000) to the Conference Claimant's Fund of the Wilmington Conference of the Methodist Episcopal Church, in addition to the bequest of five thousand dollars ($5,000) contained in item forty-second of this my last will and testament."

That there is no corporation known by the corporate name of "Conference Claimant's Fund of the Wilmington Conference of the Methodist Episcopal Church," but that there is a fund of the Wilmington Conference of the Methodist Episcopal Church officially and familiarly known as the "Conference Claimant's Fund of the Wilmington Conference of the Methodist Episcopal Church"; and, that the custodian and party entitled to the possession of all moneys belonging to that fund is "the Board of Stewards of the Wilmington Conference of the Methodist Episcopal Church," a corporation existing under the laws of the State of Delaware, the plaintiff in this action. That the plaintiff corporation was organized under a public act (set forth in the case sated) passed at Dover, Delaware, April 1, 1869, which was re-enacted and extended (set forth in the case stated) March 29, 1889, that the certificate of the renewal of said charter (set forth in the case stated) was duly filed under the provisions of an act of the General Assembly, entitled "An act providing a General Incorporation Law," approved March 10, 1899 (21 *Del. Laws*, *c.* 273), and the acts amendatory thereof and supplemental thereto, and recorded in the office of the recorder of deeds, in and for Kent County, etc. That the property, funds and assets held at the present time by the said "the Board of Stewards of the Wilmington Conference of the Methodist Episcopal Church" is twenty-four thousand three hundred and sixty-two dollars. That the Discipline of the Methodist Episcopal Church, *section* 2, *paragraph* 324, is as follows:

"Sec. 2. Annual conferences are authorized to establish and maintain investment funds, preachers' aid societies, and organizations and funds of similar character under such names, plans, rules, and regulations as they may determine, the income from which shall be applied to the support of conference claimants. It is recommended that each annual conference provide an incorporated board to administer its permanent funds."

That in pursuance thereof, "the Board of Stewards of the

Wilmington Conference of the Methodist Episcopal Church" was incorporated and organized for the sole purpose of receiving, holding, investing and disbursing property and funds for the benefit of the disciplinary claimants known as "Conference Claimants of the Wilmington Conference of the Methodist Episcopal Church." That there is no other fund known as the "Conference Claimant's Fund of the Wilmington Conference of the Methodist Episcopal Church," except the fund received, held, invested and disbursed by the plaintiff corporation; that the only moneys or property received, held, invested and disbursed by the plaintiff corporation are funds officially and familiarly known as the "Conference Claimant's Fund," etc., and that said fund is to provide for the maintenance and support of retired ministers, and widows of deceased ministers of said denomination, and their children, under sixteen years of age, of said Wilmington Conference and are designated Conference Claimants, that in a campaign conducted prior to the death of the testatrix, by the said Wilmington Conference to increase the endowment of the "Conference Claimant's Fund," etc., the same was conducted in the name of said "Conference Claimant's Fund," etc., by which name it is known in the conference benevolences. That the testatrix gave a donation of one thousand five hundred dollars to said fund at that time, which was paid by her to the plaintiff corporation, and she was a constant contributor thereto. That after the payment of all legacies given by the said last will and testament, except those mentioned in the forty-third item thereof, all expenses and costs, incident to the settlement of the estate of the testatrix, there will remain a residuary estate of twenty thousand and more. That the personal estate of the testatrix is ample and sufficient to pay all the bequests made by her, including both the bequest of five thousand dollars and the additional bequest of one thousand dollars given unto the said "Conference Claimant's Fund," etc., without selling any of the real estate for the purpose of paying said bequests. That the said bequest of five thousand dollars and the said additional bequest of one thousand dollars was not directed to be laid out in real estate. That the only direction as to the sale of real estate is contained in the forty-seventh item,

or residuary clause of the will (set forth in the case stated), in favor of certain beneficiaries. That if the court shall be of the opinion that the said legacy of five thousand dollars and the additional legacy of one thousand dollars, each bequeathed to the "Conference Claimant's Fund of the Wilmington Conference of the Methodist Episcopal Church," are due and payable to the plaintiff corporation, then judgment shall be entered for the plaintiff for the sum of six thousand dollars, besides costs of suit, otherwise judgment shall be entered for the defendant. Each party reserved the right to sue out a writ of error on the judgment to be entered.

### ARGUMENT OF COUNSEL FOR PLAINTIFF.

In the construction of a will, the intent of the testator when discovered must prevail, unless contrary to law. *Page on Wills*, § 461, *p.* 537; *Patton v. Dillon*, 1 *Marv.* 232, 249, 40 *Atl.* 1106; *In re Reed*, 7 *Penn.* 30, 38, 76 *Atl.* 617; *Doughten v. Vandever*, 5 *Del. Ch.* 51, 66; *Finlay v. King*, 3 *Pet.* 346, 377, 7 *L. Ed.* 701; *Colton v. Colton*, 127 *U. S.* 300, 309, 8 *Sup. Ct.* 1164, 32 *L. Ed.* 138; *Cox v. Handy*, 78 *Md.* 108, 127, 27 *Atl.* 227, 501; *Wentworth v. Fernald* (1898) 92 *Me.* 282, 288, 42 *Atl.* 550.

The statement of the will, together with the facts agreed upon, clearly show the intention of deceased to bequeath six thousand dollars to the plaintiff corporation:

(1) She named in her will the fund to which she made the bequest which was a well known fund and had a well known use.

(2) She undoubtedly intended her bequest of six thousand dollars ($6,000.00) to merge with and become a part of the fund officially and familiarly known as the "Conference Claimant's Fund of the Wilmington Conference of the Methodist Episcopal Church."

(3) She contributed largely to this fund prior to her death, showing her interest in the beneficiaries of the fund. The plaintiff corporation is the only organization of the Wilmington Conference of the Methodist Episcopal Church which cares for the objects of her bounty. She may have used the name of the fund as indicating the persons whom she desired to benefit, "Confer-

ence Claimants", rather than the name of the plaintiff which perhaps she did not know administered the fund.

An erroneous name will not avoid a bequest if it is possible by means of the name used or by extrinsic evidence to identify the corporation intended as beneficiary with sufficient certainty. *Page on Wills*, § 539, *p*. 622; 6 *Cyc*. 944; 1 *Jarman on Wills p*. 411, note, and numerous cases cited thereunder; *Doughten v. Vandever*, 5 *Del. Ch*. 51, 76; *Faulkner v. National Sailors' Home*, 155 *Mass*. 458, 29 *N. E*. 645, 646; *Brewster v. McCall*, 15 *Conn*. 274, 292, 293, 294; *Hinckley v. Thatcher* (1885) 139 *Mass*. 477, 1 *N. E*. 840, 52 *Am. Rep*. 719; *Button v. American Tract Soc*. (1851) 23 *Vt*. 336, 351; *Doan v. Ascension Parish*, 103 *Md*. 662, 665, 64 *Atl*. 314, 7 *L. R. A*. (*N. S*.) 1119, 115 *Am. St. Rep*. 379; *W. F. M. Soc. v. Mitchell* (1901) 93 *Md*. 199, 48 *Atl*. 737, 53 *L. R. A*. 711; *Reilly v. Union Protestant Infirmary* (1898) 87 *Md*. 664, 40 *Atl*. 894; *Van Nostrand v. Reform Church in America* (1899) 59 *N. J. Eq*. 19, 22, 44 *Atl*. 472; *Minot v. Boston Asylum & Farm School for Indigent Boys* (1844) 7 *Metc*. (*Mass*.) 416; *Domestic & Foreign Missionary Soc. Appeal* (1858) 30 *Pa*. 425; *Cresson Appeal* (1858) 30 *Pa*. 437.

The testatrix identifies the corporation to take the bequest in the case at bar by naming the fund which that corporation controls. It is the only fund that this corporation controls. It is the only corporation or body which controls the fund to which she made her bequest; so that there can be no doubt as to her intention.

A charitable bequest is always construed liberally, and the intention of the testator carried out if it can be found. *Quimby v. Quimby*, 175 *Ill. App*. 367; *Dykeman v. Jenkines*, 179 *Ind*. 549, 101 *N. E*. 1013, *Ann. Cas*. 1915D, 1011; *Hagen v. Sacrison*, 19 *N. D*. 160, 123 *N. W*. 518, 522, 26 *L. R. A*. (*N. S*.) 724; *Peth v. Spear*, 63 *Wash*. 291, 115 *Pac*. 164, 166.

The bequest of the testatrix to the said Conference Claimant's Fund is a charitable bequest. *Page on Wills*, § 639, *p*. 745; *Trustees of New Castle Common v. Megginson*, 1 *Boyce*, 361, 373, 77 *Atl*. 565, *Ann. Cas*. 1914A, 1207; *Doughten v. Vandever*, 5 *Del. Ch*. 51, 63.

The bequest to the plaintiff corporation is not contrary to any rules of law.

There is no rule of law to make void a charitable bequest except the so-called Statute of Mortmain of Delaware; and this act does not apply to this bequest.

By *section* 11 of the statute, 26 *Laws of Del.* 189, it is provided:

"But all gifts, or grants, to any such corporation, of any real estate, or of money, securities or other thing of value, to be laid out in real estate, shall be by deed duly executed, delivered, acknowledged and recorded at least one year before the death of the donor or grantor, to take effect presently for the use of the corporation, and without any power of revocation, trust, condition, or limitation whatever, or the same shall be void, unless such grant shall be really and *bona fide* for a full and valuable consideration actually paid, without fraud, or collusion, before executing such deed."

It is admitted in this case that there is no direction in the will that the bequest be laid out in real estate.

It is admitted that there is sufficient funds aside from the real estate to pay this bequest without selling any real estate for the payment of the same; so that the case of *State v. Bates*, 2 *Harr.* 18, has no application here. *Griffith v. State*, 2 *Del. Ch.* 462.

Counsel for defendant submitted the case to the court without argument, merely directing attention to the fact that the residuary clause in the will directed the executor to make sale of the residue of the real estate for the purpose of converting the same into money, to be distributed to certain relatives therein mentioned. This fact it was thought should be considered by the court in connection with Delaware Statute of Mortmain, and these cases were cited: *American Tract Society v. Purdy's Ex.*, 3 *Houst.* 625; *Lessee of Ferguson et al. v. Hedges*, 1 *Harr.* 524; *State, Use of Derrickson, et al., v. West's Ex.*, 2 *Harr.* 151; *State, Use of Wiltbank et al., v. Bates' Adm'r*, 2 *Harr.* 18.

*Per Curiam:*—[1, 2] And now, to wit, this thirtieth day of October, A. D. 1914, the above case stated having been argued by counsel and considered by the court, the court are of the opinion that the said legacy of five thousand dollars ($5,000)

29 Del.] Board of Stewards M. E. Church vs. Williams.     59

Judgment for Plaintiff.

bequeathed to the Conference Claimant's Fund of the Wilmington Conference of the Methodist Episcopal Church, and the additional legacy of one thousand dollars ($1,000) bequeathed to the Conference Claimant's Fund of the Wilmington Conference of the Methodist Episcopal Church, is due and payable to the plaintiff corporation.

And, therefore, it is ordered by the court that judgment shall be entered for the plaintiff for the sum of six thousand dollars ($6,000) besides costs of suit, etc.